FILED
U.S. DISTRICT COURT

2008 APR 18 PM 12: 14

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SHEDRICK DELESTER JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 107-074 |
| | ) | |
| DON JARRIEL, Warden; and | ) | |
| THURBERT BAKER, Attorney General, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Shedrick D. Jones filed the above-captioned case pursuant to 28 U.S.C. § 2254. The petition is now before the Court on Respondent's "Motion to Dismiss Petition as Untimely." (Doc. no. 13). For the reasons set forth below, the Court **FINDS** that the petition for habeas corpus relief is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** as the petition is time-barred, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

### I. BACKGROUND

Based on the information available to the Court in the original petition (doc. no. 1), on May 31, 2007, the Court entered a Report and Recommendation recommending that his petition for habeas corpus relief be dismissed as time-barred pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996. (Doc. no. 3). Prompted by this Court's

recommendation for dismissal, Petitioner provided additional information about his collateral proceedings in state court. (Doc. no. 6). In light of this new information, the Court vacated its Report and Recommendation dated May 31, 2007 and directed Respondent to answer the petition. (Doc. no. 10). Respondent then filed a motion to dismiss that is now before the Court. (Doc. no. 13).

After Respondent filed its motion to dismiss, Petitioner filed a "Motion for Voluntary Dismissal of Federal Habeas Corpus." (Doc. no. 16). Petitioner filed this motion in response to the Court's January 4, 2008 Order, which directed Petitioner to notify the Court if his prior "Motion Requesting Withdrawal Without Prejudice" (doc. no. 11) was actually a request to dismiss the above-captioned petition in its entirety.

Petitioner requested that his case be dismissed in its entirety without prejudice, so long as he can reserve the right to return to federal court at a future date. (Doc. no. 16). The Court in its February 20, 2008 Order, concluded that if the Court were to now dismiss the above-captioned petition at Petitioner's request, should he ever attempt to file another federal habeas corpus petition, the dismissal would not excuse him from having to comply with any applicable provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, including the one-year statute of limitation provision. (Doc. no. 18 (citing 28 U.S.C. § 2244(d)).

Accordingly, the Court denied Petitioner's motion for voluntary dismissal and gave Petitioner until the close of business on Monday, March 10, 2008, to file a substantive response to Respondent's motion to dismiss. (Id.). Finally, the Court cautioned Petitioner that if no response is filed by Monday, March 10th, the Court would deem the motion to

dismiss to be unopposed pursuant to Loc. R. 7.5. (Id.). Petitioner has failed to respond to the motion to dismiss.

Petitioner seeks to challenge his February 27, 2001 conviction for three counts of aggravated assault and three counts of possession of a firearm during the commission of a crime that was obtained following a jury trial in the Superior Court of Richmond County. (Doc. no. 1). Petitioner filed a direct appeal to the Georgia Court of Appeals, but his conviction was affirmed on June 5, 2002.[1] Jones v. State, Criminal Case No. A02A0251 (Ga. App. Jun. 5, 2002). Petitioner then filed a state habeas corpus petition on June 3, 2003 that was denied on May 26, 2005. (Doc. no. 17, Ex. 3). Petitioner filed an application for a certificate of probable cause to appeal the denial of habeas corpus relief with the Georgia Supreme Court; his application was denied on September 18, 2006. (Id. Ex. 4). Petitioner filed his federal habeas corpus petition that was signed on May 7, 2007, and filed by the Clerk of Court on May 10, 2007. Petitioner raises five grounds for relief that all assert, in one form or another, ineffective assistance counsel directed at both his trial and appellate counsel. (Id.).

---

[1] On December 14, 2001, Petitioner *pro se* filed a motion for sentence reduction. State v. Jones, Criminal Case No. 2000-RCCR-00920 (Richmond Co. Sup. Ct. Feb. 27, 2201). This motion was denied on July 18, 2002. Petitioner filed three more motions *pro se* pertaining to his criminal convictions: a motion for reduction of sentence under exceptional circumstances and motion pursuant to O.C.G.A. § 15-6-21 on December 21, 2005; a motion for reduction of sentence under acceptance of responsibility, and motion for reconsideration of reduction of sentence under exceptional circumstances on January 4, 2006; and an amended motion for reconsideration of reduction of sentence under exceptional circumstances on January 4, 2006. (Id.).

3

## II. DISCUSSION

A.  **Statute of Limitations**

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

B.  **Finality of Petitioner's Conviction**

Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Although Petitioner appealed to the Georgia Court of Appeals, it appears from the record provided that he failed

4

to seek certiorari from the Georgia Supreme Court after his conviction was affirmed on June 5, 2002. Under Georgia Supreme Court Rule 38, "Notice of intention to apply for certiorari shall be given to the Clerk of the Court of Appeals within 10 days after the date of entry of judgment or the date of the disposition of the motion for reconsideration, if one is filed."[2] Thus, Petitioner's conviction became "final" in June of 2002, when the ten (10) day period in which he could seek review by the Georgia Supreme Court expired. Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) (*per curiam*) ("The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'").

Thus, for purposes of determining the running of the statute of limitations under the AEDPA, the Court finds that Petitioner's convictions became final in June of 2002.

C. **Application of the Statute of Limitations**

As outlined above, the Court begins its analysis with the proposition that Petitioner had one year from the time his conviction became final in June of 2002, to file his federal habeas corpus petition. However, the Court recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003).

---

[2] Petitioner does not indicate that he filed a motion for reconsideration in the Georgia Court of Appeals.

5

Under the AEDPA, Petitioner had one year from June 2002, to file his federal habeas corpus petition. However, the Court recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Petitioner waited over eleven months from the time his conviction became final in June 2002, until he filed his state habeas petition. Petitioner's state habeas petition, executed on June 2, 2003, tolled the statute of limitations period until September 18, 2006.[3] At this time, Petitioner had less than one month to file his federal habeas petition. However, Petitioner waited over seven months from the date his application for a certificate of probable cause to appeal the denial of his state habeas petition was denied, September 18, 2006, until May 7, 2007, to execute his federal habeas corpus petition. Therefore, absent some tolling mechanism, the above-captioned petition is time-barred by the AEDPA's one-year statute of limitations.

---

[3]The Court is aware that Petitioner filed his three motions for sentence reduction noted *supra*, filed in December 2005 and January 2006. O.C.G.A. § 17-10-1(f) provides:

> [W]ithin one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur, upon affirmance of the judgment after direct appeal, whichever is later, the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed."

As the 2005 and 2006 motions were done well after the deadlines imposed by O.C.G.A. (Id.). 17-10-1(f), they were not properly filed within the meaning of Artuz v. Bennet, 531 U.S. 4, 11 (2000). Thus, Petitioner's motions for sentence reduction do not tole the one year AEDPA statute of limitations provision.

The AEDPA describes three other situations which may delay or reset its one-year statute of limitations: where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; where the State has created some "impediment" to filing the application; or where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B), (C), and (D) (quoted *supra*). Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations. Thus, the court concludes that there is no basis for statutory tolling AEDPA's one-year statute of limitations.

Similarly, Petitioner is not entitled to equitable tolling. "Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079, 1085 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Here, Petitioner has not provided any explanation for the tardiness of his federal petition, let alone an explanation that would satisfy the "extraordinary circumstances" threshold described above. Thus, the Court concludes that there is no basis for equitably tolling the AEDPA's one-year statute of limitations.

In sum, because (1) the above-captioned petition was filed more than one year after Petitioner's conviction became final, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments to support a claim of actual innocence,[4] Petitioner's § 2254 petition is time-barred by the AEDPA's one-year statute of limitations.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **GRANTED**, that this petition be **DISMISSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this ___ day of April, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4] Although actual innocence may warrant consideration of an otherwise untimely federal petition, Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000), "[t]his exception is exceedingly narrow in scope, as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001). Notably, Petitioner does not raise an actual innocence argument in his federal habeas petition.